Good morning, Your Honor. Fred Fenster of the Law Offices of Greenberg Glesker, appearing on behalf of Caltex Plastics, Inc. A note of disclosure, I do not drink Monster. I haven't taken it. We are relieved, Counsel. We note that for the record. This is a pleading case, and what I would like to talk about is the real issue in this case, which has been framed by the parties, but I'm going to read from the introduction of the response, which says, It is black-letter law that a party who benefits only incidentally from a contract and who is not an intended beneficiary, lacks standing to assert its rights. In the context of a government procurement contract, like the contracts invoked by plaintiffs selling Caltex Plastics, the circuit requires a clear contractual statement evincing an intent to benefit a third party. Taking that as the standard, there's evidence that that's exactly what happened in this case. For that, I would like to address the Court's attention to a number of the exhibits that were attached to the initial complaint and also the First Amendment complaint. First is Exhibit 2, which is entitled A Problem Advisory, and it is something, excuse me, Exhibit 1. It's entitled A Problem Advisory, and it's initiated and circulated by GIDEP, which is a government industrial data exchange program. And in it, it points out what is well-known, and that is that Caltex is the only authorized manufacturer since February 17, 2010 through the present date authorized to manufacture MIL-PRF-81705 type 3 material. Counsel, with respect, I think you've accurately stated the law. We've got federal common law on this, but it's really clear that to get out of the incidental benefit category, there's got to be some really clear evidence that the contract was expressly intended to benefit your client, and I don't see it. What am I missing? Well, if you take a look at the document that was prepared by Lockheed Martin, and in particular, this is Exhibit 3 at page 025 through 028, and I can start with the identification of this being a standard, which is one that Lockheed Martin promulgates in terms of what – Just for myself, again, I'm just one of the three, but I practiced law for a lot of years and did a lot of transactional work, and I know contracts, and I don't – where is the document where Lockheed Martin and the government say that they intend expressly to benefit your company and to give you the right to sue if the right that you allege is breached? Well, two things. First, we don't have a copy of the contract, which is one of the problems in this case, but what we do have suggests that that's exactly what the case is. Going to the document that I just identified on the last page of that document. So you're suing up on a document that you say exists, but you don't have it. So you want us to impute the existence of a right in a document that we cannot see? Is that what you're asking? No, Your Honor. What I'm saying is if you take a look at page 28 where they have the military or the material specifications, it specifically calls out what is required. I understand. Again, it's really clear that the government wants things packaged in a particular way. It's also clear that your company is the only one that manufactures that. But that's a problem between the government and Lockheed. If they don't do it correctly, the government can sue Lockheed and say, you know, you didn't comply with our specification. That's quite different than saying that Caltech, Plastics, has a separate enforceable third-party beneficiary right to sue Lockheed Martin in this. Help me with that. What am I missing? Well, I'm trying to explain it. Okay. If you take a look at the last page where they talk about the military specifications that are required, it actually calls out the name of the company in this particular agreement. It says cold packaging products. Okay. So my point, and one of the problems that we had is we didn't have the contracts, but we do have other outside facts, but I'm only addressing your point. Right. And the point that I would make is it may be that those contracts that they have with these required specifications in order to satisfy the government standards would call out for Caltech's plastics. We don't know. So can you enforce that hypothetical right on something that you don't have in front of us? Well, the answer is that yes, I think we can, because of the fact that we have to be a third-party beneficiary of that only because there's no other entity that could be in that. Well, incidentally, you clearly are. There's no question about that. The question is, is there an express intention that would say, in essence, if Lockheed Martin doesn't comply with this, Caltech's plastics has the right to enforce this contract? No. There's no such right, is there? No. What the right is is different. What the right is is if the government requires MIL-PRF-81705E Type 3 to be used, there's only one entity that can supply that. And so, therefore, if that's the only entity, it's not a situation where it's a general beneficiary that could be in a category of a lot of people. It's a specifically intended beneficiary. It still doesn't say there's an enforceable right, though. That's correct. On your part. That's correct. And that's your problem, isn't it? Well, that's what a third-party beneficiary is designed to obviate. Again, there are different kinds of third-party beneficiaries. Your company is clearly an incidental beneficiary. I don't think anybody disputes that. But under the law we're talking about, you have no ability as an incidental beneficiary to enforce, to require Lockheed Martin to use your packaging to comply with its contract with the DOD or any other governmental entity. Correct, except our position is it's an intended beneficiary only because of the fact it's the only one that could do it. Do you have any case law? Sorry, go ahead. Just the case law that we cited. I have nothing else. Are there any barriers to entry into the field of manufacturing this? Are there any barriers to entry into the field of manufacturing this or a competitive product? I understand. Why couldn't somebody else go into business and making an equally good packaging material? Because they have to go through the Department of Defense in order to get approval. And the reason they have to go through the Department of Defense is because there are certain regulations and requirements to stop the packaging, the items that are packaged in it from degrading and corroding. For example. I don't understand that to answer the question. Your company may be the only one making a product that good. How could they know if it's, how do we know they contemplated at the time of the entry of the contract that nobody else would ever make a product that good? Because in order for the company to make that product, it has to be on the qualified products list. And the only way you get on the qualified products list by the government is if you comply with the government regulations. And there's only one company that's done that. Done that. That's a past tense word. Right. How did they know at the time of the entry of this contract that you're trying to be the beneficiary of, that somebody else wouldn't be on the list by six months later? You wouldn't about six months later. All you know is what you have today. So unless there's something in the contract that indicates they intended to benefit your company, why are you not just an incidental beneficiary? Well, I suppose the answer to that is it would be then a member of a class of intended beneficiaries if there was more than one, but here there's only one. So what happens in the future may be that it gets changed. But as of the present time that we have, it's the only company that's authorized to manufacture the product. What if there were two companies, following my colleague's suggestion? If there were two companies, would your cause of action disappear from your perspective? It would. It would? It would. Okay. So your whole argument hangs on the fact that since you're the only entity that makes this approved product at this time, that at the present time you have a cause of action because you're the only one that could have possibly been an intended beneficiary. Is that right? That's correct. Okay. Does it pose any problem to you that if that is true, if what you say is true, why didn't you just name your company? We did name Lockheed. I don't understand. What do you mean? I'm sorry. Why wasn't your company just named instead of describing it? They described what you must have as manufactured by. In other words, at the moment it's open-ended, and the question to you was, with an open-ended, can anybody fulfill it? You're saying only one company at the time could fulfill it. Right. But that could have been another company. That could be another company if the contract doesn't specify you. The question, at least you can tell me whether it's true or not, but I think you've got to get yourself away from just an incidental beneficiary so that you'd be the intended beneficiary. Well, I think here's the answer, at least from my perspective, maybe not from yours. But here's the way it works. The government wants certain requirements to be satisfied. If a computer chip, for instance, is packaged in a product that is not military specification and something goes awry with it and you put it in a missile, you've got a big problem. So in this particular instance, what you have is the only way that you can be authorized as a manufacturer is if you get the Department of Defense to approve it and you're on the QPL. So there's nobody who's looking, and the contracts themselves require certain specifications, as I just identified in this sheet over here where it says you need MILPR F81705. So if you go on the QPL list, there may be lots of people that do lots of different things, but not for this specification. There's only one company that does this specification. That's it. So, yes, Your Honor is absolutely right in terms of my interpretation. So clearly, I get your point. I got that clearly. But it's clear that the government has a claim against Lockheed if it doesn't include packaging that complies with this specification, right? Yes. But that's the government's claim. That's not your claim. Correct. The only thing we have is a third-party beneficiary claim, number one. And number two, as we've said in the allegations of the complaint, the government doesn't have the financial wherewithal to go after all of these things to find out whether or not it is. Do you agree that we would be making new law were we to buy your argument? No. What case can you cite that has similar facts? There isn't one. That's what I'm saying. You're asking us to make new law. Well, you could say I'm asking you to make new law, or you could say I'm asking you to interpret whether we are an intended beneficiary. I'm saying you're asking us to make new law. Okay. And I haven't even had a monster drink. Perhaps you would change your mind if you did. Maybe I would. Maybe you could send us one today. That's all I have. All right. Thank you. Any questions? I think we understand your position. Yeah, we get your position. Yeah, we do. Okay. Folks from Lockheed, with or without monster drinks? I suppose I should ask. No. No. Okay. All right. May it please the Court, Fred Riley, Jr. for Lockheed Martin Corporation. I'd like to start out with Judge Smith's question to my friend about what the crux of the theory is. And my friend responded that the crux of the theory is that they were a sole supplier. The problem with that theory is that whether you apply California law or federal law, and I think Judge Anderson got this right, that's not enough. Under the restatement that is followed by California law, the fact that you've got a sales contract or a contract for services that calls for the delivery of a product that is provided by a third party, that's not enough to make a party an intended third-party beneficiary. It could be enough to make them an incidental third-party beneficiary, but it's not enough to make them an intended third-party beneficiary. And particularly under federal law and this Court's precedents, which require a clear statement that that is what the principal party is intended, it is not enough that a third party is the sole supplier of a good or service that is required for one of the parties to comply with its obligation under the contract. As Judge Anderson observed, the purpose of these military specifications, which is, as Caltex concedes, are very important, is to benefit the government. The purpose is to ensure that the government receives military-grade packaging. The fact that there are third parties who may be suppliers of that packaging isn't enough to make them intended third-party beneficiaries. They benefit only indirectly or directly. Let me ask you, counsel, the ORF case indicates that a putative third-party beneficiary in this context, in a military context, must demonstrate the intent on the part of the contracting parties to, in quotes, grant him enforceable rights, right? That's precisely right, Your Honor. In other words, even if the Court's water reclamation contract cases, and ORF is one of those cases, made clear that even if the principal contract actually contemplates that a third party will benefit, even if it mentions them, that's not enough. The contract has to give them enforceable rights. And we are far afield of that, as Judge Anderson recognized. With respect to the UCL claim, as Judge Anderson again noted, it is coextensive with this breach of contract theory. And Barron makes clear that a UCL claim can't be used to circumvent. We deal with these UCL claims all the time. And in this case, basically the condition predicate to a UCL claim is that there is a third party beneficiary contract in this first instance, right? Yes, Judge Smith. And that's made clear by the relief that the plaintiff seeks under the UCL theory because it's essentially specific performance. Even if the Court were to go beyond that ground, which we think is sufficient to affirm, there are multiple other grounds on which the Court could affirm the dismissal of the UCL claim, and that would include preemption. Even under California law, if you applied California law choice of law principles and my friend did not respond to this point in the reply brief, but even if you applied California choice of law, it would still point to Federal common law here. And this claim, therefore, could not go forward. If there are no further questions, Law People's Committee. I don't think we do. Thank you very much. Thank you, Your Honor. Counsel, do you have other points or are we all set? We're done, Your Honor. All right. We thank you all, and thank you for your patience, for waiting for the last case in the day. And it is only 1115. There will be plenty of time for you to go get a monster brain capture. If you wish to do so, the Court stands in recess for the day.
judges: Sentelle, Farris, M. Smith